UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RALPH GROSSO and JACQUELINE GROSSO,        :
                                            :
                        Plaintiffs,         :
                                            :
            -v-                             :
                                            :
MARIO BIAGGI, JR. ESQ.                      :
d/b/a BIAGGI & BIAGGI, ESQS.,               :
                                            :
                        Defendants.         :
------------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/17/2013
```

12 Civ. 6118 (JMF)

<u>MEMORANDUM OPINION
AND ORDER</u>

JESSE M. FURMAN, United States District Judge:

Plaintiffs Ralph and Jacqueline Grosso, a husband and wife proceeding *pro se*, bring this action for legal malpractice against their former counsel, Defendants Mario Biaggi, Jr. and Biaggi & Biaggi Esqs. (together "Biaggi"). Biaggi moves to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion to dismiss is GRANTED and the Amended Complaint is dismissed.

## BACKGROUND

The following facts are taken from the Amended Complaint and are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Mrs. Grosso suffered multiple injuries as a result of her treatment by dentist Dr. Phillip Buccigrossi. (Am. Compl. (Docket No. 6) ¶ III.C). Plaintiffs retained Biaggi to represent them in a dental malpractice action against Dr. Buccigrossi. (*Id.*). They allege that when they met with Biaggi to discuss the case, he informed them that the average jury award in similar cases was $387,500. (*Id.*). In October 2010, after a trial in the Eastern District of New York, a jury awarded Mrs. Grosso $30,000. Jury Verdict (Docket No. 42), *Grosso v. Buccigrossi*, No. 08 Civ. 4481 (E.D.N.Y. Oct. 22, 2010).

In this case, Plaintiffs contend that Biaggi committed legal malpractice.  Their primary claim is that Biaggi "suborn[ed] perjury" by instructing Mrs. Biaggi — and her treating dentist, Dr. Richard Bash — to testify that she "was fine" and no longer suffered any consequences of Dr. Buccigrossi's dental malpractice, when in fact she continued to suffer pain, apparently in an effort to avoid "sound[ing] like a complainer."  (*See, e.g.*, Am. Compl. ¶¶ III.C, IV, V.).[1] Plaintiffs argue that were it not for Biaggi's malpractice, the jury would have awarded Mrs. Biaggi much more than $30,000.  (*See id.* ¶ V).  Based on Biaggi's assessment of the average jury award in similar cases, they seek damages in the amount of $400,000.  (*Id.*).

## DISCUSSION

### A.  Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To survive a Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully."  *Id.*  A complaint that offers only "labels and conclusions" or "a formulaic recitation

---

[1]      In support of their claims, Plaintiffs submit what appears to be a letter from Dr. Bash stating that, in his professional opinion, Biaggi did not address "the present and future pain" caused by Mrs. Grosso's dental injuries.  (Docket No. 27).  Although Biaggi argues that this letter should be stricken (Biaggi Reply (Docket No. 29) 7), the Court need not rule on the matter because, even considering the letter, Biaggi's motion to dismiss would be granted.

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Further, if the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Even under the heightened pleading standards set by *Iqbal* and *Twombly*, a court is "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, when considering *pro se* submissions, the Court should interpret them "to raise the strongest arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis added) (internal quotation marks omitted). Notwithstanding the Court's obligation, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face."  *Bodley v. Clark*, No. 11 Civ. 8955 (KBF), 2012 WL 3042175, at *2 (S.D.N.Y. July 23, 2012); *see also, e.g.*, *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) ("[P]*ro se* complaints must contain sufficient factual allegations to meet the plausibility standard.").  Plaintiffs have not done so here.

## B.  Ralph Grosso's Standing

As a threshold matter, Mr. Grosso's claims must be dismissed because he lacks standing. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is a "threshold question in every federal case, determining the power of the court to entertain the suit").  To have standing, a plaintiff must have "suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).   "In addition, the plaintiff . . . must 'assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third

parties.'"  *In re Bernard L. Madoff Inv. Securities LLC*, — F.3d —, 2013 WL 3064848, at *8 (2d Cir. June 20, 2013) (quoting *Warth*, 422 U.S. at 499).

Applying these standards here, Mr. Grosso plainly lacks standing, as the only injury alleged in the Amended Complaint is to Mrs. Grosso.  Mr. Grosso did not bring any claims to trial in the underlying dental malpractice suit, and he does not allege that he personally suffered any injury from Biaggi's alleged failure to prosecute that suit properly.[2]  Plaintiffs argue that Mr. Grosso should nevertheless be permitted to pursue Mrs. Grosso's claims because, due to Mrs. Grosso's condition, Mr. Grosso "is better equipped to" pursue the lawsuit.  (Reply Mem. of Law Support Pls.' Mot. Not to Dismiss (Docket No. 33) 4; *see* Opp'n 4).  Even if Mrs. Grosso is ill-equipped to pursue the lawsuit, however, that does not give Mr. Grosso standing to bring claims of his own based solely on her injury.  And Mr. Grosso, as a non-attorney, may not represent Mrs. Grosso.  *See, e.g.*, *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("[A] non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel.").  Accordingly, Mr. Grosso lacks standing to pursue this lawsuit, and his claims must be dismissed.

## C.  Legal Malpractice

Under New York law, which applies here, *see, e.g.*, *Barry v. Liddle, O'Connor, Finkelstein & Robinson*, 98 F.3d 36, 39 (2d Cir. 1996), there are four elements to a legal malpractice claim: (1) "the existence of an attorney-client relationship"; (2) "negligence on the part of the attorney or some other conduct in breach of that relationship"; (3)  "proof that the

---

[2]  Mr. Grosso initially brought a claim in the underlying action for loss of services, but he withdrew that claim on Biaggi's advice.  (*See* Pls.' Aff. in Denial Mot. Dismiss (Docket No. 26) ¶¶ 5-6).  There is no allegation here that such advice was malpractice.

attorney's conduct was the proximate cause of injury to the plaintiff"; and (4) "proof that but for the alleged malpractice the plaintiff would have been successful in the underlying action." *Hanlin v. Mitchelson*, 794 F.2d 834, 838 (2d Cir. 1986); *accord M.J. Woods, Inc. v. Conopco, Inc.*, 271 F. Supp. 2d 576, 583 (S.D.N.Y. 2003). In order demonstrate that Biaggi was negligent, Plaintiff must show that he "failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community." *Healy v. Finz & Finz, P.C.*, 918 N.Y.S.2d 500, 502 (N.Y. App. Div. 2011). Whether a complaint is sufficient to state a cause of action for legal malpractice poses a question of law that can be determined on a motion to dismiss. *See, e.g.*, *Rosner v. Paley*, 65 N.Y.2d 736, 738 (1985).

In this case, Plaintiff's central claim of legal malpractice fails as a matter of law for the simple reason that it is premised on her admission that she committed perjury in the underlying action.[3] Under the doctrine of *in pari delicto* — which "literally means 'in equal fault,'" *Baena*

_____

[3]     It should be noted that, based on the allegations in the Amended Complaint, it is by no means apparent that Plaintiff did in fact commit perjury. That is, it is difficult to discern whether she affirmatively lied under oath, which would clearly have been perjury, or merely omitted certain details from her testimony, which might not have been perjury. *See United States v. Parkes*, 497 F.3d 220, 232 (2d Cir. 2007) (holding that an omission did not constitute perjury); *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000) ("Only the omission of facts required to be reported constitutes a material falsehood."). The Court assumes the truth of Plaintiff's allegation that she committed perjury. But even if she did not technically commit perjury, Plaintiff's malpractice claim would fail, as there would be no plausible basis to second guess Biaggi's strategic advice to downplay her injuries in order to curry favor with the jury. *See, e.g., Albanese v. Hametz*, 4 A.D.3d 379, 380 (N.Y. App. Div. 2004) (holding that "dissatisfaction with [a lawyer's] strategic choices . . . [does] not support a malpractice claim as a matter of law"); *Rosner*, 65 N.Y.2d at 738 ("[S]election of one among several reasonable courses of action [by an attorney] does not constitute malpractice."); *Estate of Re v. Kornstein Veisz & Wexler*, 958 F. Supp. 907, 921 (S.D.N.Y. 1997) ("An attorney cannot be held liable for malpractice for reasonable discretion exercised during the course of a litigation."). Significantly, "there is no suggestion in the allegations that [Biaggi] gained any personal benefit in bringing about the alleged injury"; in fact, given that Biaggi was paid a contingency fee, he had every incentive to maximize Plaintiff's recovery. *Blain v. Doctor's Co.*, 272 Cal. Rptr. 250, 259 (Cal. Ct. App. 1990).

*v. KPMG LLP*, 453 F.3d 1, 6 (1st Cir. 2006) (quoting *Black's Law Dictionary* 791 (6th ed. 1990)) — a party may not obtain relief where she herself "contributed to the wrongdoing for which relief is sought." *In re Refco Sec. Litig.*, 779 F. Supp. 2d 372, 374 n.1 (S.D.N.Y. 2011); *see Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 464 (2010) (explaining that where both parties to an action "are equally culpable, courts will not interpose in favour of either" (internal quotation marks omitted)).[4]  Applying that doctrine, courts have held, as a matter of law, that, at least absent special circumstances, a plaintiff may not bring a legal malpractice claim against an attorney based on an allegation that the attorney advised the plaintiff to lie under oath.  *See, e.g.*, *Blain*, 272 Cal. Rptr. at 258-59; *Pantely v. Garris, Garris & Garris, P.C.*, 180 Mich. App. 768, 776 (1989); *Evans v. Cameron*, 121 Wis. 2d 421, 427 (1985); *Feld & Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick & Cabot*, 312 Pa. Super. 125, 130 (1983); *see also Robins v. Lasky*, 123 Ill. App. 3d 194, 201 (1984) (applying *in pari delicto* to a claim based on the defendant attorney's alleged advice to evade service of process).

As these courts have soundly concluded, there may be circumstances in which a person, having relied on a lawyer's expert advice to do wrong, may maintain a malpractice claim against the lawyer, but perjury is not among them.  As the *Pantely* Court explained:

> We can readily envision legal matters so complex and ethical dilemmas so profound that a client could follow an attorney's advice, do wrong and still maintain suit on the basis of not being equally at fault.  But perjury is not

---

[4]      Strictly speaking, *in pari delicto* is an affirmative defense.  *See Refco Securities Litigation*, 779 F. Supp. 2d at 374 n.1.  The law is nonetheless clear that it "'may be resolved on the pleadings in a State court action in an appropriate case,' and the same is true in a federal action."  *Id.* (quoting *Kirschner*, 15 N.Y.3d at 459 n.3 ); *see also Cobalt Multifamily Investors I, LLC v. Arden*, 857 F. Supp. 2d 349, 363 n.9 (S.D.N.Y. 2011) (noting that the doctrine of *in pari delicto* may be raised *sua sponte*).  The question is whether the defense "appears on the face of the complaint," *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003), which it does here.

> complex; and telling the truth poses no dilemma.  Even against the backdrop of a
> moral relativism that passes for intellectual sophistication in contemporary
> America, perjury is wrong.  More pointedly, it is a crime.  A law degree does not
> add to one's awareness that perjury is immoral and illegal, any more than an
> accounting degree adds to one's awareness that tax fraud is immoral and illegal.

180 Mich. App. at 776 (citations omitted); *accord Evans*, 121 Wis. 2d at 428.  This reasoning

applies in full force here.  Put simply, to the extent that Mrs. Grosso premises her claims of

malpractice on the ground that she (and, with her knowledge, Dr. Bash) committed perjury, she

is *in pari delicto* with Biaggi, and her claims are barred as a matter of law.[5]

　　　　Although, as noted, Plaintiff's allegations focus largely on Biaggi's advice to commit

perjury, the Amended Complaint suggests, in passing, three other grounds upon which the

malpractice claim could be based.  First, Plaintiff alleges that Biaggi lied about his experience,

claiming that he had tried other dental malpractice cases when he had not.  (Am. Compl. ¶ III.C).

This conclusory allegation, however, is insufficient to support a claim of legal malpractice.  *See*

*Iqbal*, 556 U.S. at 663 (explaining that "the tenet that a court must accept a complaint's

allegations as true is inapplicable to . . . mere conclusory statements").  Furthermore, even if

Biaggi did misrepresent his previous dental malpractice experience, Plaintiff does not allege that

this misrepresentation had any impact on the verdict.  That is, the Amended Complaint lacks any

---

[5]　　　For purposes of this motion, the Court has assumed the truth of the allegation that Biaggi advised Mrs. Grosso to lie under oath, as it is required to do.  Suffice it to say, Biaggi adamantly denies the allegation.  (*See e.g.*, Def. Mem. of Law Support Mot. to Dismiss (Docket No. 23) 5-7).  Furthermore, it is worth noting that Plaintiffs filed a complaint against Biaggi with the Departmental Disciplinary Committee for the Supreme Court, Appellate Division, First Judicial Department.  *Cf. Evans*, 121 Wis. 2d at 428 (holding that attorney misconduct in advising clients to perform illegal acts "should be discouraged by the threat of attorney disciplinary action" rather than the threat of civil suits).  "Following a careful investigation of the allegations in the complaint," the Departmental Disciplinary Committee "determined to take no further action and closed the file" on the matter.  (Aff. in Support of Mot. to Dismiss (Docket No. 24) Ex. C, at 26).

allegation that the misrepresentation proximately caused Mrs. Grosso's injury, which is an indispensable element of the claim. *See M.J. Woods, Inc.*, 271 F. Supp. 2d at 583.

Second, Plaintiff alleges that Biaggi "made no attempt to address the jury" after it rendered its verdict.  (Am. Compl. ¶ IV).  It is not clear whether Plaintiff contends that this failure constitutes malpractice.  But, even if Plaintiff did, she does not allege that the failure proximately caused her injury, and with good reason: Plaintiff's alleged injury is that the jury's damages award was lower than it should have been.  A failure to address the jury *after* the verdict was already rendered could not logically have caused the jury's verdict.

Finally, Plaintiff appears to allege that Biaggi committed malpractice by failing to investigate the citizenship of the jurors who rendered the verdict in Plaintiff's dental malpractice case.  (*Id.* ¶ V).   Plaintiff raised this issue with Judge Gleeson, the District Court Judge who presided over her dental malpractice trial.  *See Grosso v. Buccigrossi*, No. 08 Civ. 4481 (JG) (VVP), 2010 WL 5441640, at *1 (E.D.N.Y. Dec. 17, 2010).  In a written order (of which this Court may take judicial notice, *see, e.g.*, *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes.")), Judge Gleeson found that there was "no evidence at all" that the jury was improperly constituted, and ordered Mrs. Grosso to "make no attempt . . . to investigate [the] matter further without seeking permission from the Court in writing."  *Grosso*, 2010 WL 5441640 at *2.  Given that order, Biaggi's decision not to further investigate the jurors' citizenship was entirely reasonable. Furthermore, this claim also has a proximate causation problem: Plaintiff does not allege in any way, let alone any plausible way, how the citizenship of the jurors might have affected the

outcome of the case.

## CONCLUSION

For the reasons stated above, Biaggi's motion to dismiss is GRANTED, and the

Amended Complaint is dismissed in its entirety.

The Clerk of the Court is directed to mail a copy of this Order to Plaintiffs and to close

this case.

SO ORDERED.

Dated: July 17, 2013
        New York, New York

_____
JESSE M. FURMAN
United States District Judge

9